IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

08 MAY -9 PM 3: 33

U.S. ...
SOUTH... ... ...
EAST. ...  COLUMBUS

DAVID E. KROPP
5225 Sheffield Avenue
Powell, OH 43065-7707,

    Plaintiff,

v.

PLATINUM LODGING, LLC
565 Metro Place South, Suite 220
Dublin, OH 43017

and

RIVER RIDGE INVESTMENTS, LLC
565 Metro Place South, Suite 220
Dublin, OH 43017

and

PETER A. CORATOLA
565 Metro Place South, Suite 220
Dublin, OH 43017

and

ERNIE S. MALAS
565 Metro Place South, Suite 220
Dublin, OH 43017

and

MATTHEW R. STUDER
565 Metro Place South, Suite 220
Dublin, OH 43017,

    Defendants.

Case No. **2:08 CV 453**

Judge **JUDGE FROST**

[JURY DEMAND ENDORSED HEREON]

## COMPLAINT

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over the matters alleged herein under 28 U.S.C. §1331, §22(a) of the Securities Act of 1933, 15 U.S.C. §§77v and 78aa, and §27 of the Securities Exchange Act of 1934. The Court has jurisdiction over Plaintiff's claims of common law fraud, state securities law violations, negligent misrepresentation, breach of contract and breach of warranty under the doctrine of supplemental jurisdiction.

2. The claims made herein arise and are brought under, *inter alia*, §§5, 12 and 15 of the Securities Act of 1933, 15 U.S.C. §§77j, 77k, 77l and 77o, §10(b) of the Securities Exchange Act of 1934, 15 U.S.C. §78(j)(b), and SEC Rule 10(b)-5, 17 C.F.R. §240.10b-5.

3. Venue is properly in this Court under 28 U.S.C. §§1391(b) and (c).

4. In connection with the acts and conduct hereinafter alleged, Defendants made use of the means and instrumentalities of interstate commerce, including the wires and mails.

5. Each Defendant herein has transacted business within this District in connection with the transactions alleged herein, regularly does or solicits business, engages in a persistent course of conduct, or derives substantial revenue for services rendered in this District, or has participated in the sale of securities occurring in whole or in part in this District.

### Parties

6. Plaintiff is a resident of Powell, Ohio, and was an investor in an investment known as Platinum Lodging, LLC (hereinafter referred to as the "Investment") which was sold to Plaintiff by the Defendants.

7. Defendant Platinum Lodging, LLC is an Ohio limited liability company with its principal place of business located in Dublin, Ohio. Defendant Platinum Lodging, LLC was the issuer of the securities sold to Plaintiff as part of the Investment.

8. Defendant River Ridge Investments, LLC is an Ohio limited liability company with its principal place of business located in Dublin, Ohio. Defendant River Ridge Investments, LLC was the prior owner of the Investment and, thereafter, the seller of securities to Plaintiff.

9. Defendants Peter A. Coratola, Ernie S. Malas and Matthew R. Studer are residents of Ohio and at all times relevant were the manager, agent and/or controlling person of River Ridge Investments, LLC and acted as promoters of the Investment and sellers of securities to Plaintiff.

## Allegations Common to All Claims

10. Platinum Lodging, LLC was established by Defendants Coratola, Malas and Studer as an Ohio limited liability company to engage in the hotel business.

11. Defendant River Ridge Investments, LLC was established by Defendants Malas and Studer and owned certain membership interests in Platinum Lodging, LLC.

12. On May 10, 2005, Defendants promoted and sold a One Percent (1%) membership interest in Platinum Lodging, LLC owned by Defendant River Ridge Investments, LLC to Plaintiff for $300,000.

13. As a means of soliciting the foregoing sale of securities, Defendants supplied Plaintiff promotional information describing the Investment and representing its purported benefits. The promotional information included both written and oral representations of: (1) anticipated revenues and profits purportedly available by purchasing the Investment; (2) the current and historic financial performance of the Investment; (3) the current value of the

3

Investment; and (4) certain and various other written and oral information representing the purported benefits of the Investment. The promotional information was used to promote, market and sell the Investment to Plaintiff in Ohio, even though the Investment was never registered with the Ohio Department of Commerce, Division of Securities as a security pursuant to O.R.C. §1701.01(b).

14. As a result of the representations contained in the promotional information, Plaintiff invested $300,000 in the Investment on May 10, 2005. Plaintiff's investment with Defendants took two separate forms, Plaintiff forgave an $80,000 loan he had previously made to Defendant River Ridge Investments, LLC and paid the remaining $220,000 by wire transfer.

15. At the time of the purchase, Plaintiff was unaware of the falsity of the representations or the lack of registration and did not discover the falsity of the representations or the lack of registration until November 5, 2007.

**COUNT I: Securities Fraud Under §12 of the Securities Act of 1933, 15 U.S.C §77l**

16. Plaintiff hereby incorporates the allegations contained in this Complaint, as if fully rewritten herein.

17. Defendants directly or indirectly offered, distributed and sold securities to Plaintiff.

18. While offering and selling the Investment, or participating in such offer and sale, all Defendants made false and misleading statements and omissions with regard to material facts concerning the value and benefits of the Investment. These statements were made in the promotional presentations and promotional information provided to Plaintiff and by other means. Specifically:

4

a. Defendants represented to Plaintiff that the purchase price for the Investment was fair and reasonable when, in fact, the price was substantially excessive and without economic substance.

b. Defendants represented to Plaintiff that the Investment was economically viable and would produce a return on Plaintiff's investment, even though they knew, or had they not acted in knowing, willful, reckless and wanton disregard of Plaintiff's rights, should have known of the falsity of these representations.

c. Defendants failed to inform Plaintiff of the business and economic risks inherent in the investment.

d. Defendants failed to inform Plaintiff that the Investment had not been registered as a security nor was it exempt from securities registration.

19. Defendants knowingly, willfully, recklessly and negligently made the statements and omissions described in ¶17, above.

20. The statements and omissions described in ¶17, above, were material in that Plaintiff could and would attach importance thereto when deciding whether to purchase the Investment.

21. Not knowing of the misleading nature or falsity of the statements and omissions of Defendants described in ¶17, above, Plaintiff did attach importance to the statements and omissions when deciding to purchase the Investment.

22. The circumstances alleged in ¶¶15-20, above, constitute a violation of §12 of the Securities Act of 1933, 15 U.S.C. §77l, by all Defendants in that Defendants made untrue statements of material facts or omitted to state such facts as were necessary to make such statements not misleading under the circumstances in which they were made, and cannot show that they did not know or could not have known in the exercise of reasonable care, of such untruths or omissions.

23. The offering of the Investment constituted an unlawful sale of unregistered securities in violation of §§5 and 12 of the Securities Act. No exemption from registration was available.

24. All Defendants violated §12 in that they either were the sellers of the securities or knowingly, willfully, recklessly, and in wanton disregard of the rights of Plaintiff, aided, abetted, participated in, and rendered substantial assistance to the wrongful sale under §12.

25. As a natural and proximate result of the statements and omissions of Defendants described in ¶15, above, Plaintiff suffered substantial monetary loss in an amount yet to be determined.

**COUNT II: Controlling Persons' Liability**

26. Plaintiff incorporates the allegations contained in this Complaint, as if fully rewritten herein.

27. Defendants Peter A. Coratola, Ernie S. Malas and Matthew R. Studer are also liable to Plaintiff through §15(a) of the Securities Act of 1933, 15 U.S.C. §77o, for the wrongful sale of securities alleged in Count I, because they controlled the illegal conduct alleged in Count I, above.

28. As a natural and proximate result of the conduct alleged in this Count II, Plaintiff sustained monetary loss in an amount yet to be determined. The Defendants are further liable to Plaintiff for any profits obtained in connection with any violation of §15(a), as provided above.

**COUNT III: Securities Fraud Under §10(b) of the Securities and Exchange Act of 1934, U.S.C. §78j, and SEC Rule 10b-5**

29. Plaintiff hereby incorporates the allegations contained in this Complaint, as if fully rewritten herein.

30. The conduct of the Defendants as alleged above, constituted a manipulative and deceptive device, scheme, and artifice to defraud, and an act, practice and course of business which operated as a fraud or deceit upon the Plaintiff, and rendered such statements and omissions misleading in light of the circumstances in which they were made. Such acts constitute violations of §10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. §78j, and of SEC Rule 10b-5, 17 C.F.R. §240.10b-5.

31. As a natural and proximate result of Plaintiff's reliance on the statements and omissions described above, and Defendants' other wrongful conduct described in this Complaint, Plaintiff sustained monetary loss in an amount yet to be determined.

32. Under the provisions cited in the preceding paragraphs, Defendants are accountable to Plaintiff for any profits obtained as a result of the violation of such provisions. The precise amount of such profits is presently unknown and should be determined in an accounting.

**COUNT IV: Securities Fraud Under the Ohio Blue Sky Laws**

33. Plaintiff hereby incorporates all of the allegations contained in this Complaint, as if fully rewritten herein.

7

34. At the time Plaintiff purchased the Investment, the Investment had not been registered with or exempted from registration by the Ohio Department of Commerce, Division of Securities, as required by Ohio Revised Code Chapter 1707, nor were the Defendants registered dealers or sellers of securities as required by Ohio Revised Code Chapter 1707.

35. The conduct of Defendants described above, constitute violations of Ohio Revised Code §§1707.40, 1707.41, 1707.43, and 1707.44, in that all Defendants either were the wrongful sellers, or aided, abetted, participated in or rendered substantial assistance in the execution of such sales by such sellers.

36. The sale of an unregistered security materially affected the protection contemplated by the Ohio Securities Act and, at the time of his purchase of the Investment, Plaintiff had no reason to know of the violations of Chapter 1707 of the Ohio Revised Code by the Defendants.

37. As a natural and proximate result of the circumstances alleged above, Plaintiff sustained substantial monetary loss in an amount yet to be determined.

38. Pursuant to the provisions of this Complaint, Plaintiff hereby tenders to Defendants the securities sold to him and demands return of monies, invested, plus interest from the date of purchase, all pursuant to O.R.C. §1707.43.

**COUNT V: Negligent Misrepresentation**

39. Plaintiff hereby incorporates all of the allegations contained in this Complaint, as if fully rewritten herein.

40. Defendants owed a duty of care to Plaintiff as an investor in the Investment, as he could foreseeably be injured as a result of the services Defendants performed or failed to perform in connection with the Investment.

41. The Defendants failed to exercise reasonable care in performing their respective services in connection with the Investment, and thus (1) did not learn of and/or see to it that Plaintiff was informed of the business and economic risks inherent in the Investment; (2) failed to learn of and/or timely inform Plaintiff of the failure to comply with the securities registration requirements for the Investment; and (3) failed to learn of and/or inform Plaintiff that the Investment was not reasonably valued for purchase; and (4) failed to learn of and/or inform Plaintiff that the Investment was not economically viable.

42. As a natural and proximate result of Defendants' breach of their duty of care to Plaintiff described in the preceding paragraphs, Plaintiff sustained substantial monetary loss in an amount yet to be determined.

**COUNT VI: Common Law Fraud**

43. Plaintiff hereby incorporates all of the allegations contained in this Complaint as if fully rewritten herein.

44. As more fully set forth above, Defendants represented to Plaintiff that by purchasing the Investment they would provide Plaintiff with an economically viable investment. At the time Defendants made these representations they knew the representations to be false, but made these representations with the intent of inducing Plaintiff to purchase the Investment.

45. The Defendants' representations and material omissions, including those representations set forth above, were material to the Plaintiff's decision to purchase the Investment and Plaintiff reasonably and justifiably relied on those representations.

46. Plaintiff, at the time the representations and statements were made to him, did not know the truth regarding them, but believed the representations and statements made by the Defendants to be true and relied upon them to his detriment.

9

47. As a natural and proximate result of Plaintiff's having purchased the Investment in reliance on the fraudulent conduct described in the preceding paragraphs above, Plaintiff sustained substantial monetary loss in an amount yet to be determined.

### COUNT VII: Common Law Breach of Contract

48. Plaintiff hereby incorporates all of the allegations contained in this Complaint as if fully rewritten herein.

49. On May 10, 2005 Plaintiff paid Defendant River Ridge Investments, LLC $300,000 for the Investment. In exchange for said consideration paid by Plaintiff, Defendants agreed to sell the Investment to Plaintiff and, as a result thereof, to make available certain economic benefits.

50. Plaintiff fully performed his obligations under the terms of the agreement to purchase the Investment.

51. However, from the time that Plaintiff purchased the Investment, Plaintiff has been unable to even obtain adequate information concerning the status, financial performance, value or economic prospects of his Investment.

52. These Defendants have breached the terms of their agreement with Plaintiff to the extent that they failed to provide Plaintiff an economically viable investment as originally represented.

53. As a direct and proximate result of these Defendants' breach, Plaintiff has sustained additional and substantial losses in an amount yet undetermined.

### COUNT VIII: Common Law Breach of Warranty

54. Plaintiff hereby incorporates all of the allegations contained in this Complaint as if fully rewritten herein.

55. These Defendants expressly promised and undertook to provide Plaintiff with an investment that would provide Plaintiff with a measurable economic return within a stated period of time.

56. These Defendants represented and warranted, in addition to those representations set forth above that the Investment would provide Plaintiff with the represented economic benefits.

57. These Defendants knew or should have known that the Investment would not provide Plaintiff with the represented economic benefits.

58. Plaintiff detrimentally relied on the statements, promises and warranties of these Defendants.

59. As a direct and proximate result of the breach of these Defendants of their warranties, representations, statements and promises, Plaintiff has suffered substantial monetary losses, the exact amount of which is yet undetermined.

## COUNT IX: Punitive Damages

60. Plaintiff hereby incorporates all of the allegations contained in this Complaint as if fully rewritten herein.

61. The conduct of the Defendants alleged above, constituted intentional, willful, reckless, outrageous, malicious conduct in wanton disregard of the consequences and the effect thereof upon the rights of Plaintiff.

62. Defendants' statements and omissions described above, constituted intentional, willful, reckless, outrageous and malicious conduct in wanton disregard of the consequences and the effect thereof upon the rights of Plaintiff.

63. The conduct alleged above, entitles Plaintiff to recover, under Counts III, IV and VI, punitive damages in the amount of Six Hundred Thousand Dollars ($600,000).

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. Compensatory damages and interest thereon as of the date of injury in an amount to be determined, but reasonably estimated to exceed Three Hundred Thousand Dollars ($300,000);

2. Punitive damages in the amount of Six Hundred Thousand Dollars ($600,000);

3. Disgorgement of all profits and monies obtained by Defendants in connection with the illegal activities alleged herein;

4. Rescission of all agreements which were entered into by the Plaintiff as part of the Investment;

5. All costs and interest associated with this action, including attorneys' fees; and

6. Such further relief as this Court may deem just and proper.

_____
Michael J. Johrendt (0022283)
JOHRENDT, COOK & EBERHART
250 E. Broad Street, Suite 200
Columbus, OH 43215
Telephone No.: (614) 464-0082
Facsimile No.: (614) 463-1296

Counsel for Plaintiff David E. Kropp

## JURY DEMAND

Plaintiff hereby requests a trial by jury with respect to all issues for which a jury may be available.

_____
Michael J. Johrendt (0022283)